# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIGEL NICHOLAS DOUGLAS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>WILLIAM P. BARR, United States Attorney General,<br><br>　　　　Respondent. | Case No. 2:19-cv-10035-AB-MAA<br><br>**ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

## I.　INTRODUCTION

On November 22, 2019, Petitioner Nigel Nicholas Douglas, acting *pro se*, filed a document entitled "Motion for Writ of Habeas Corpus Pursuant to 21 USC 2241 For Emergency Stay of Removal, Temporary Restraining Order, and Preliminary Injunction Under Ninth Circuit General Order Cal. 6.4(c)(1)." ("Petition," ECF No. 1.) The Court construes the Petition as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Section 2241"). Petitioner seeks a stay of his removal from the United States pending the filing and adjudication of his motion to reopen immigration proceedings. (*See* Petition at 1.) The Petition also requests a temporary restraining order and preliminary injunction staying

Petitioner's removal from the United States until he is afforded the opportunity to file a motion to reopen his immigration case. (*See id.* at 23.) On November 23, 2019, Respondent filed an opposition to the Petition and its request for preliminary injunctive relief. ("Opposition," ECF No. 3.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") and the Court's obligation to consider its own jurisdiction *sua sponte*, the Petition must be dismissed.

## II. BACKGROUND

Petitioner is a citizen of Guyana who presently is detained at the Pulaski County Detention Center in Ullin, Illinois. (Petition at 13, 26; Declaration of Mike Cuevas ¶¶ 3, 8 ("Cuevas Decl.," ECF No. 3-1); Declaration of Joanne Osinoff, Exhibit 1, at 5 ("Osinoff Decl.," ECF No. 3-2); *see also* Petition at 27 (bearing return address of Pulaski County Detention Center).) On February 27, 2018, an Immigration Judge sitting in Los Angeles ordered Petitioner to be removed from the United States. (Petition at 2-3.) On September 20, 2018, the Board of Immigration Appeals affirmed the decision and dismissed Petitioner's appeal. (*Id.* at 3.) Petitioner then filed a petition for review in the Ninth Circuit Court of Appeals. (*Id.*) The petition for review remains pending.[1] (*See generally* Osinoff Decl., Exhibit 1.)

Petitioner seeks from this district court a stay of his removal pending the filing and adjudication of his motion to reopen his immigration proceedings. (Petition at 1.) He avers that an Immigrations and Customs Enforcement ("ICE")

---

[1] The Court takes judicial notice of the docket in the Ninth Circuit case. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts").

deportation officer at the ICE Enforcement and Removal Operations Chicago Field Office told him that the government sought to deport him "as soon as it obtains his travel documents from his country." (*Id.* at 4.) Petitioner contends, however, that his removal should be stayed so that he may file a motion to reopen the immigration proceedings. (*See id.*) Though the motion to reopen is not before this Court, Petitioner contends that it is "based on new evidence of Guyana's failure to comply with its International reporting obligations and changed Country conditions." (*Id.* at 4.) Petitioner argues that he effectively will be denied due process if he is removed before he has the opportunity to litigate his motion to reopen. (*See, e.g., id.* at 5, 9, 11-12.) Petitioner also seeks a temporary restraining order and preliminary injunction precluding the government from effecting his removal for ninety days. (*See id.* at 4, 23.)

### III. DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") requires summary dismissal of a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See also* Habeas Rule 1(b) (permitting district courts to apply Habeas Rules to Section 2241 habeas proceedings); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 to dismiss Section 2241 petition). Additionally, a federal court is obligated to consider *sua sponte* whether it has jurisdiction over a Section 2241 petition. *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006). Here, the Court lacks jurisdiction over the Petition, which subjects this action to summary dismissal.

Section 2241 authorizes federal courts to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court has emphasized that the writ is "issuable only in the district of confinement."

*Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (citation and quotation marks omitted). In reaching this conclusion, the Supreme Court reviewed the legislative intent animating the jurisdiction limitation in Section 2241(a), observed that the statutory structure of Section 2241 indicated that habeas proceedings generally should proceed in the district of confinement, and rejected the petitioner's argument that jurisdiction lies "in any district in which the respondent is amenable to service of process." *Id.* at 442-44; *accord Carbo v. United States*, 364 U.S. 611, 617 (1961) ("The debates in Congress indicate that it was thought inconvenient, potentially embarrassing, certainly expensive and on the whole quite unnecessary to provide every judge anywhere with authority to issue the Great Writ on behalf of applicants far distantly removed from the courts whereon they sat.").

Respondent asserts that "[t]his principle applies with full force to petitioners who are challenging removal-related detention." (Opposition at 4.) The Court agrees. Although the Supreme Court has not expressly extended the reasoning of *Padilla* to habeas petitions by aliens detained pending deportation who seek a stay of removal proceedings, *see Padilla*, 542 U.S. at 435 n.8, 442-44, several district courts in this circuit have applied *Padilla* to such petitions. *See, e.g., Davis v. DHS*, No. 2:18-cv-3218 DB P, 2019 U.S. Dist. LEXIS 89172, at *9, 2019 WL 2267053, at *4 (E.D. Cal. May 28, 2019) (applying *Padilla*), *adopted*, 2019 U.S. Dist. LEXIS 178004, 2019 WL 5091143 (E.D. Cal. Aug. 13, 2019); *Nibikora v. Sessions*, No. SACV 18-0305-GW(KS), 2018 U.S. Dist. LEXIS 45829, at *8 (C.D. Cal. Mar. 20, 2018) (same).[2]

---

[2] In an opinion predating *Padilla*, a Ninth Circuit panel noted that requiring an immigration detainee to name her immediate physical custodian as a habeas respondent was not "practical or in the interests of justice," reasoning:
> Immigration detainees are frequently transferred among federal, state, and local institutions across the country. By the time a district court judge is able to consider a habeas petition filed in her court, the petitioner may already have been moved out of the court's territorial jurisdiction, thereby necessitating time-consuming transfer or dismissal

4

Here, Petitioner is in federal custody in Ullin, Illinois, which is within the territorial jurisdiction of the Southern District of Illinois—not the Central District of California. (*See* Petition at 13, 27; Cuevas Decl. ¶ 8; Osinoff Decl., Exhibit 1, at 5.) This Court is not authorized to issue a writ of habeas corpus directed outside its territorial jurisdiction. 28 U.S.C. § 2241(a); *Padilla*, 542 U.S. at 442.

Petitioner asserts this Court has jurisdiction to adjudicate his Petition because his initial removal proceedings were conducted in a federal immigration court in this district. (*See* Petition at 12; *accord id.* at 2-3 (noting that an Immigration Judge sitting in Los Angeles ordered Petitioner to be removed); Cuevas Decl. ¶ 5 (same).) He argues that "he cannot control where he will be held next and which District Court he will have to file his motion to reopen with," given that he has been relocated eight times since he entered federal custody in July 2019. (Petition at 12-13.) However, the location of Petitioner's initial removal proceedings, and the location of the immigration court in which Petitioner hypothetically may file his motion to reopen, has no bearing on whether this Court may issue the great writ to reach outside the territorial borders of this district. *See Davis*, 2019 U.S. Dist. LEXIS 89172, at *9, 2019 WL 2267053, at *4 (declining to entertain habeas petition seeking stay of removal in part because the petitioner was confined outside

---

of the petition if the immediate custodian rule is strictly applied. If detainees were permitted only to file their habeas petitions against their immediate physical custodian, and hence, under personal jurisdiction rules could only file in the district in which they were detained (so that their custodian would be within reach of the court's process,) expedient resolution of their habeas claims would be greatly hampered. *Armentero v. INS*, 340 F.3d 1058, 1069 (9th Cir. 2003). Shortly after *Padilla* was decided, the Ninth Circuit withdrew the opinion, *Armentero v. INS*, 382 F.3d 1153, 1153 (9th Cir. 2004), and dismissed the appeal on other grounds, *Armentero v. INS*, 412 F.3d 1088, 1088 (9th Cir. 2005). The Court defers to the reasoning in *Padilla* and respectfully declines to adopt the reasoning in the withdrawn *Armentero* opinion. *Contra Singh v. Barr*, No. CV-19-05386-PHX-JJT (DMF), 2019 U.S. Dist. LEXIS 187213, at *3-4 (D. Ariz. Oct. 28, 2019) (declining to transfer venue to district of petitioner's present confinement, citing *Armentero*, 340 F.3d at 1069).

the jurisdiction of the district court); *Wairimu v. Dir., Dep't of Homeland Sec.*, No. 19-cv-174-BTM-MDD, 2019 U.S. Dist. LEXIS 19487, at *4-6, 2019 WL 460561, at *2 (S.D. Cal. Feb. 5, 2019) (noting the district of confinement is the preferable forum for the adjudication of a petition for a stay of removal proceedings); *Nibikora*, 2018 U.S. Dist. LEXIS 45829, at *8 (noting proper court for habeas petition requesting stay of removal would be the district in which the petitioner was confined).

Respondent asserts that, pursuant to 8 U.S.C. § 1252, this Court also lacks jurisdiction to enjoin the government from enforcing removal orders. (Opposition at 4-7.) Acknowledging the split in authority as to this question, the Court expressly declines to decide whether any federal district court would have jurisdiction to entertain the due process claim in the Petition. *See Diaz-Amezcua v. Barr*, No. C19-0001-BJR-MAT, 2019 U.S. Dist. LEXIS 153840, at *8-9, 2019 WL 4261178, at *7 (W.D. Wash. Apr. 26, 2019) (acknowledging that the "Ninth Circuit . . . has not addressed . . . whether district courts have jurisdiction to stay a noncitizen's removal pending resolution of a motion to reopen," and collecting district court cases on either side of the issue), *adopted*, 2019 U.S. Dist. LEXIS 153244, 2019 WL 4261178 (W.D. Wash. Sept. 9, 2019). For this reason, the Court declines to exercise its discretion pursuant to 28 U.S.C. § 1631 to transfer the action to United States District Court for the Southern District of Illinois, the federal district court with territorial jurisdiction over Pulaski County, Illinois, where Petitioner presently is detained. *See Cruz-Aguilera v. INS*, 245 F.3d 1070, 1074 (9th Cir. 2001) (recognizing transfer to be appropriate when "the transferee court could have exercised jurisdiction at the time the action was filed").

## IV. CONCLUSION

The Petition is dismissed without prejudice for lack of jurisdiction. Judgment shall be entered accordingly. Because the Court lacks jurisdiction over

6

the Petition, Petitioner's request for a temporary restraining order and preliminary injunction is denied.

**IT IS SO ORDERED.**

DATED: 11/25/2019

_____
ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE

Presented by:

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE